UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY FABRICANT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAINMAKERS WORLDWIDE, LLC d/b/a LISTING HELP DESK,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Terry Fabricant, individually and on behalf of others similarly situated, alleges the following against Defendant Rainmakers Worldwide, LLC d/b/a Listing Help Desk ("Listing Help").

## I.  NATURE OF ACTION

1.  As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the

COMPLAINT—CLASS ACTION – 1

people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Listing Help offers business listing services to companies.

3. Listing Help engaged in pre-recorded message telemarketing to attempt to acquire new customers as part of its business, including contacting the Plaintiff.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring Listing Help to cease placing unsolicited calls to cellular telephone numbers, as well as an award of statutory damages and costs to Class members.

## II.  JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over Listing Help and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Listing Help made the calls to the Plaintiff from this District.

## III.  PARTIES

7. Plaintiff Terry Fabricant resides in Los Angeles County, California.

8. Defendant Rainmakers Worldwide, LLC is a Washington limited liability company with its principal place of business in Seattle, WA.

## IV.  TCPA BACKGROUND

**A.   The TCPA Prohibits Automated Telemarketing Calls**

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone

COMPLAINT—CLASS ACTION – 1

number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## V. FACTUAL ALLEGATIONS

14. Plaintiff's telephone number, (XXX) XXX-1083, is assigned to a cellular telephone service.

15. Plaintiff has not been a Listing Help customer at any time and never consented to receive calls from Listing Help.

16. Listing Help made a pre-recorded call to Plaintiff's cellular telephone on, at least, December 14, 2018.

17. The pre-recorded message that played on the call to Plaintiff stated that the Plaintiff's business listing has not been claimed and that he has to "press 1" to talk about it.

18. The company sending the call was not identified in the pre-recorded message.

19. To identify who was calling him with a pre-recorded message, Plaintiff pressed 1 and engaged the telemarketer.

20. An individual named "Mary Garcia" came on the call.

21. Ms. Garcia promoted Listing Help's business listing services.

22. Ms. Garcia asked Plaintiff for his business address, hours of operation, licensing information, and other information about his business.

23. She requested this information in order to make a quote for Listing Help's services.

24. Confirming the call, Mr. Fabricant then received an e-mail from help@listingdesk.com.

25. This is a domain owned by Defendant.

26. Plaintiff was not interested and had not requested information regarding Defendant's products.

27. The conduct of Listing Help is widespread.

28. First, the call came from (818) 200-0148.

29. However, Defendant does not have a California physical location.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

30. As such, Listing Help was "spoofing" its Caller ID number to increase the likelihood that individuals would answer the phone.

31. Moreover, individuals who have been contacted by that Caller ID have indicated that the calls have been unwanted telemarketing calls. *See, e.g.,* https://findwhocallsyou.com/8182000148?CallerInfo (last visited September 18, 2021).

## VI. CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

34. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

35. Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as he has no interests that conflict with any of the class members.

36. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

38. This Class Action Complaint seeks injunctive relief and money damages.

COMPLAINT—CLASS ACTION – 1

39. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

40. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

41. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

42. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

44. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the Defendant used pre-recorded messages to send calls;

    b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    c. whether Defendant's conduct constitutes a violation of the TCPA; and

    d. whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

45. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

46. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

47. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

49. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b) on behalf of the Class)

50. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

52. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting

COMPLAINT—CLASS ACTION – 1

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.   Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the using a pre-record message in the future;

B.   That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.   Such other relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

COMPLAINT—CLASS ACTION – 1

1  RESPECTFULLY SUBMITTED AND DATED this 23rd day of September, 2021.

2  TURKE & STRAUSS LLP

3  By:  /s/ Samuel J. Strauss, WSBA #46971
    Samuel J. Strauss, WSBA #46971
4   Email:  sam@turkestrauss.com
    613 Williamson St., Suite 201
5   Madison, Wisconsin 53703
    Telephone: (608) 237-1775
6   Facsimile:  (608) 509-4423

7

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION – 1